UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JERMAINE E. CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 15-1171-JDT-egb |
| ) | |
| CARROLL COUNTY, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DISMISSING CLAIMS,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH,
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On July 15, 2015, Plaintiff Jermaine E. Crawford ("Crawford"), who is currently an inmate at the Carroll County Jail ("Jail") in Huntingdon, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2). In an order issued July 15, 2015, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4) The Clerk shall record the defendants as Carroll County, Nurse Donna Flowers (in her individual and official capacity), and Advance Correctional Healthcare.

I. The Complaint

On July 26, 2014, Crawford was extradited from the state of New York to Carroll County in Tennessee. (First Cause of Action at 2-3, ECF No. 1-1.) Crawford was booked into the Jail along with the medications he transported. (Compl. at 3, ECF No. 1-1.) Crawford alleges that

he explained to Defendant Flowers that his medications were to help with painful bowel movements and that the medications he had were Colace, a laxative, Briscodole, a stool softener, and Rimron, for mental health. (*Id.* at 3.) Defendant Flowers informed Crawford that Rimron was not given at the Jail and that the need for Rimron did not warrant a health problem such that he could see the doctor. (*Id.*)

After being transferred to D-Pod, Section 103, Cell 206, Crawford starting have problems passing his stool because Defendant Flowers only approved Briscodole and not Colace. (*Id.*) Crawford filed for sick call and was taken to see Defendant Flowers. (*Id.*) Crawford explained to Defendant Flowers that he needed both Briscodole and Colace so that he could have less pain as well as less tearing and bleeding when he had a bowel movement. (*Id.*) Crawford contends that Defendant Flowers stated she would take Crawford off of Briscodole and give him Colace, even though he explained that he need both medications, and that Crawford should not attempt to tell her how to do her job. (*Id.*) Crawford filed a grievance against Defendant Flowers, but was told by the Jail that since she was not employed by the Jail there was nothing they could do. (*Id.* at 4.)

Crawford was transferred to Cell B-119 where he started having trouble having passing stools. (*Id.*) Crawford was told by Defendant Flowers to file for sick call. (*Id.*) Defendant Flowers refused to place Crawford on the doctor's visit list and exchanged Crawford's medication from Briscodole to Colace. (*Id.*) Following the medication change, Crawford woke up one morning and while trying to get to the toilet, defecated on himself due to the stool being backed-up in his intestines. (*Id.*) Crawford was charged for the soiled clothing and for the towels used to clean him. (*Id.*) Crawford went through the same experience for a week. (*Id.*) Defendant Flowers continued to refuse to put Crawford on the doctor visit list and told Crawford

the problem was due to taking Colace too often, so she reduced his medication dosage to every other day resulting in Crawford having stools that caused tearing, swelling and bleeding. (*Id.*)

Crawford wrote to Sherriff Andy Dickson and Chief Ken Smith, neither of whom are parties in this complaint, as well as Advanced Correctional Healthcare. (*Id.* at 5.) Crawford was told that Defendant Flowers was no longer working in the Jail. (*Id.*) After meeting with the new nurse, Crawford got to see Dr. Carter, who is not a party in this complaint, and was placed on Briscodole, Colace, and Zoloft (a replacement for Rimron). (*Id.*) Crawford contends that his medical complications caused trauma and embarrassment and the Defendants were the, "proximate cause of his mental anguish, emotional and physical distress, pain and suffering and that he should have gotten definitive treatment within reasonable period of time." (*Id.* at 5-6.) Further Crawford contends that Carroll County should have trained and supervised its employees in order to prevent his injuries. (*Id* at 6)

Crawford seeks compensatory and punitive damages against Defendants. (Compl. at 3, ECF No. 1.).

## II. Analysis

A. Screening and Standard

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept

4

"fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B. § 1983 Claim

Crawford filed his complaint on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

    1. *Claims against Carroll County*

The complaint does not assert a valid claim against Carroll County. When a § 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Even if it were assumed that the complaint alleged a violation of Powell's constitutional rights, the second issue would be dispositive of Crawford's claims against Carroll County.

A local government "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Searcy v. City of Dayton*, 38

F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)).

Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, *see, e.g., Fowler v. Campbell*, Civil Action No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007); *Yeackering v. Ankrom*, No. 4:05-CV-00018-M, 2005 WL 1877964, at *2 (W.D. Ky. Aug. 5, 2005); *Oliver v.*

7

*City of Memphis*, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004); *cf. Raub v. Corr. Med. Servs., Inc.*, No. 06-13942, 2008 WL 160611, at *2 (E.D. Mich. Jan. 15, 2008) (denying motion to dismiss where complaint contained conclusory allegations of a custom or practice); *Cleary v. Cnty. of Macomb*, No. 06-15505, 2007 WL 2669102, at *20 (E.D. Mich. Sept. 6, 2007) (same); *Morningstar v. City of Detroit*, No. 06-11073, 2007 WL 2669156, at *8 (E.D. Mich. Sept. 6, 2007) (same); *Chidester v. City of Memphis*, No. 02-2556 MA/A, 2006 WL 1421099, at *3 (W.D. Tenn. June 15, 2005). The complaint does not allege that Crawford suffered any injury arising from an unconstitutional policy or custom of Carroll County.

2. *Claims against Advance Correctional Healthcare*

Crawford's claim against Defendant Flowers in her official capacity is properly asserted against her employer, Advance Care Solutions, who is already a named defendant in this matter. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)); *see also Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Thomas*, 55 F. App'x at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). CCA "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Instead, to prevail on a § 1983 claim against Advance Correctional Healthcare, Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id.* The complaint does not allege

that Crawford suffered any injury because of an unconstitutional policy or custom of Advance Correctional Healthcare

### 3. 8th Amendment Claim for Medical Indifference

Crawford complains about being denied medical treatment. For a convicted prisoner, such claims arise under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). In the case of a pretrial detainee, "the 'cruel and unusual punishment' proscription of the Eighth Amendment to the Constitution does not apply," because "as a pre-trial detainee [the plaintiff is] not being 'punished,'" *Cuoco v. Moritsugu,* 222 F.3d 99, 106 (2d Cir. 2000). Instead, a person detained prior to conviction receives protection against mistreatment at the hands of prison officials under the Due Process Clause of the Fourteenth Amendment if held in state custody. *Liscio v. Warren,* 901 F.2d 274, 275–76 (2d Cir.1990). *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009). Even if Crawford was a pretrial detainee during the events at issue, the court will analyze his claims under Eighth Amendment principles because the rights of pretrial detainees are equivalent to those of convicted prisoners. *Thompson v. Cnty. of Medina*, 29 f.3d 238, 242 (6th Cir. 1994) (citing *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985).[1]

---

[1]On June 22, 2015, the Supreme Court held, in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), that excessive force claims brought by pre-trial detainees must be analyzed under a standard of objective reasonableness, rejecting a subjective standard that takes into account a defendant's state of mind. *Id.* at 2472-73. It is unclear whether or to what extent the holding in *Kingsley* may affect the deliberate indifference standard for claims concerning an inmate's health or safety, which the Sixth Circuit applies to both pre-trial detainees and convicted prisoners. *See Morabito v. Holmes*, --- F. App'x ---, 2015 WL 5920204, at *4-*5 (6th Cir. 2015) (applying, even after the decision in *Kingsley*, the objective reasonableness standard to pretrial detainee's excessive force claims and the deliberate indifference standard to denial of medical care claim). Absent further guidance, the Court will continue to apply the deliberate indifference analysis to claims concerning a pretrial detainee's health and safety.

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298; *Williams v. Curtin*, 633 F.3d at 383; *Mingus v. Butler,* 591 F.3d 474, 479-80 (6th Cir. 2010). The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298.

Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,'. . . proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Estelle*, 429 U.S. at 105. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id*., at 106.

Within the context of *Estelle* claims, the objective component requires that the medical need be sufficiently serious. *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). "A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (quoting *Laaman v. Helgemoe*, 437 F. Supp. 269, 311 (D.N.H. 1977)).

To make out a claim of an Eighth Amendment *Estelle* violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in

the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). The Court clarified the meaning of deliberate indifference in *Farmer v. Brennan*, as the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. *Id*. 511 U.S. at 835-36.

Crawford alleges that Defendant Flowers did not properly treat his medical needs. The thrust of his complaint is that the medication he is received was insufficient and made him sick. These allegations do not indicate that Defendant Flowers was deliberately indifferent as Crawford did receive treatment for his medical needs, just not the treatment he wanted. These allegations are more properly suited as malpractice claims then claims for violating Crawford's Eighth Amendment rights.

For the foregoing reasons, Crawford's complaint is dismissed for failure to state a claim upon which relief can be granted.

### III. Standard for Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the

complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

IV. Appeal Issues

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

V. Conclusion

The Court DISMISSES Crawford's complaint as to the Defendants for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b(1). Leave to Amend is DENIED because the deficiencies in Crawford's complaint cannot be cured. It is also CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

s/James D. Todd
JAMES D. TODD
UNITED STATES DISTRICT JUDGE